RECEIVED

FEB 0 8 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

Verne Rupright
322 Main Street
Wasilla, Alaska 99654
(907) 373-3215 Phone
(907 373-3217

Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | | |
|---|---|---|
| Krystal Wallis | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Josef F. Boehm, Bambi Tyree, | ) | **COMPLAINT** |
| Leslie J. Williams, Jr., and | ) | |
| Allen K. Bolling, | ) | |
| | ) | 3:06-cv-00031 TmB |
| Defendants. | ) | |
| | ) | **Case No. A06-      CV(   )** |

**COMES NOW,** the Plaintiff, by and through undersigned counsel, who for her complaint states and alleges:

1.    This an action for the violation of Plaintiff's basic civil rights, including, but not limited to the Defendants actions in willfully and knowingly engaging in individual action and a conspiracy aimed at sexual trafficking of a minor, the distribution of a controlled substance to a minor, controlling a place for the distribution and providing  controlled substances to minors, the involuntary servitude of a minor and performing multiple sexual acts and abuse on a minor with incapacitation and under the influence of crack cocaine.

2.    To the extent defendant conspired to deprive plaintiff of

1.

rights protected by the 13th Amendment of the U.S. Constitution this Courts federal question jurisdiction is invoked under 423 U.S.C. § 1985.

3.    To the extent defendants conspired or individually violated 18 U.S.C. § 1591, jurisdiction is invoked pursuant to 18 U.S.C. § 1595 which statute gives a private right of action for civil damages.

4.    To the extent defendants violated 18 U.S.C. § 371 and 21 U.S.C. § 846, 841 & 859, jurisdiction of the Court if invoked under 28 U.S.C. § 1331.

5.    To the extent any State law claims are asserted from the facts stated herein, plaintiff asks this Court to exercise its pendant jurisdiction over those State law claims.

6.    Plaintiff, Krystal Wallis, is a resident of the State of Alaska, Third Judicial District.

7.    Defendant, Josef F. Boehm, at all times relevant, was a resident of the State of Alaska, Third Judicial District, at Anchorage, Alaska.

8.    Defendant, Allen K. Bolling, at all times relevant, was a resident of the State of Alaska, Third Judicial District, at Anchorage, Alaska.

9.    Defendant, Leslie J. Williams, Jr., at all times relevant was a resident of the State of Alaska, Third judicial District, at Anchorage, Alaska.

10.    defendant, Bambi Tyree, at all times relevant, was a resident of the State of Alaska, Third Judicial District, at

2.

Anchorage, Alaska.

11.   In or about late 2002 and continuing until at least December, 2003, when plaintiff was a minor under the age of 18, defendants did knowingly recruit and entice plaintiff to engage in commercial sex acts.

12.   Defendants conspired to provide plaintiff with cocaine, cocaine base, and other illegal substances with the intent of getting plaintiff addicted to drugs so they could control her and keep her within their grasp through threat of force and severe psychological coercion. In providing illegal substances to the plaintiff, defendants violated 21 U.S.C. §§ 846,841, and 859.

13.   Defendants furthered their conspiracy by using illegal substances and coercion to control the plaintiff and to have sex with the plaintiff and to coerce the plaintiff into having sex with defendant, Josef Boehm, and others at this place of residence, his condominium, and in various hotels, all of which was a violation of 18 U.S.C. § 371.

14.   It was part of the conspiracy for defendants to make cocaine and other illegal substances available to minors, including the plaintiff, so that defendant, Josef Boehm could have sex with minors, including the plaintiff.

15.  Defendant, Bambi Tyree would find drug dealers to dealers to supply defendant Josef Boehm with drugs he could use to entice and then place minors, including the plaintiff, under his control.

16.   As part of the conspiracy, defendants Bolling and Williams would supply Boehm with illegal substances, including

3.

cocaine, crack cocaine, and cocaine base that had been transported to Alaska with money Boehm received from his ownership and operation and operation of Alaska Industrial Hardware.

17.    As part of the conspiracy, Boehm, Tyree, Bolling & Williams knowingly recruited, enticed, harbored, transported, provided and obtained minors, including plaintiff, to coerce and or force them into performing commercial sex acts in violation of 18 U.S.C. § 1591.

### FIRST CAUSE OF ACTION

### (Violation of Civil Rights)

18.    Plaintiff restates and incorporates all preceding paragraphs of this complaint into this first cause of action and further complains and alleges.

19.    During the time she was used in the defendants' conspiracy, the plaintiff was forced through coercion and intimidation to labor directly for Josef Boehm and other members of the conspiracy by way of performing commercial sex acts and other sexual acts. Plaintiff was forced to provide sex to Josef Boehm.

20.    The plaintiff labored and endured Boehm's verbal, physical and sexual attacks because her will was completely overborne through the use of coercion. force, and illegal substances provided by the defendants, which substances were provided with the intent of overriding plaintiff's will.

21.    Defendants deliberately induced in the plaintiff a certain state of mind with the intent to actively exploit the plaintiff.

22. The plaintiff was thus held in a condition of involuntary servitude from approximately late 2002 through about December 2003.

23. To hold the plaintiff in such a condition is prohibited by the Thirteenth Amendment to the United States Constitution, as well as 18 U.S.C. § 1591, and constitutes a violation of plaintiff's civil rights.

24. All of the defendants' conduct resulted in the injuries to the plaintiff for which she is entitled to recover in an amount in excess of $5,000,000 (Five Million Dollars) collectively for all counts in this complaint with the exact amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

### (Sexual Trafficking of a Minor)

25. Plaintiff restates and incorporates all preceding paragraphs of this complaint into this second cause of action and further complains and alleges.

26. Josef Boehm and other defendants have pled guilty to conspiring to provide crack cocaine to minors, including the plaintiff and admitted to conspiring to commit the crime of sex trafficking of children in violation of 18 U.S.C. § 1591.

27. Under 18 U.S.C. § 1591, plaintiff has a right to actual; damages, both economic and non-economic and to actual attorney fees and costs incurred as a result of the violation of 18 U.S.C. § 1591.

28. Plaintiff claims damages in an amount in excess of $5,000,000 (Five Million Dollars) collectively for all counts in

this complaint with the exact amount to be proven at the time of trial.

## THIRD CAUSE OF ACTION

### (Distribution of a Controlled Substance to a Minor)

29.   Plaintiff restates and incorporates all preceding paragraphs of this complaint into this third cause of action and further complains and alleges.

30.   Josef Boehm and other defendants have pled guilty to conspiring to provide crack cocaine to minor, including the plaintiff.

31.   As a result of defendants' conduct, plaintiff was addicted to illegal substances and plaintiff suffered both economic and non-economic losses.

32.   Plaintiff claims damages in an amount in excess of $5,000,000 (Five Million Dollars) collectively for all counts in this complaint with the exact amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

33.   Plaintiff restates and incorporates all preceding paragraphs into this fourth cause of action and further complains and alleges.

34.   During the period in which she was controlled and coerced by the defendants, the plaintiff was systematically subjected to a variety of extreme, outrageous practices by the defendants, which were designed to cause her severe emotional distress. These

6.

practices included, but were not limited to subjecting her to sexual acts with Josef Boehm and others, use of controlled substances, and being made to suffer extreme humiliation and assaults upon her person.

35.    Plaintiff was subjected to coercion, control and confinement through mental coercion and force.

36. Defendants forced the plaintiff to adhere to a regimen of drug use, and of being subjected to sexual exploitation all of which had a mentally debilitating effect upon the plaintiff, leaving her confused, demoralized and unable to clearly think or reason.

37.    Knowingly and intentionally subjecting the plaintiff to the aforementioned was, by design, intended to undermine and eventually completely destroyed the plaintiffs' self-respect, self-esteem and that concept of self and self-worth so the plaintiff could be controlled by the defendants.

38.    All of the acts of the defendants described were carried out by the defendants without privilege, justification or the consent of the plaintiff.

39.    The defendants conduct was willful, wanton, extreme and outrageous, and was carried out by the defendants with a corrupt motive, for the purpose of causing the plaintiff extreme mental and emotional distress.

40.    The defendants conduct did, in fact, cause the plaintiff extreme mental and emotional distress and anguish, and physical harm resulting from this emotional distress.

41. As a direct, proximate and foreseeable consequence of the defendants acts the plaintiff has suffered emotional and psychological injury the extent which will be proven at the time of trial.

## FIFTH CAUSE OF ACTION

### (Punitive Damages)

42. Plaintiff restates and incorporates all preceding paragraphs of this complaint into this fifth cause of action and further complains and alleges.

43. Defendants intentionally sough to control and coerce the plaintiff and intentionally subjected the plaintiff to a variety of extreme, outrageous practices. These practices included, but were not limited to subjecting her to sexual acts with Josef Boehm and others, use of controlled substances for purposes of control, and being made to suffer extreme humiliation and assaults upon her person.

44. Defendants, each of them, knowingly and intentionally subjected the plaintiff to the aforementioned by design, intending to undermine and eventually completely destroy the plaintiffs' self-respect, self-esteem and that concept of self and self worth so the plaintiff could be controlled by the defendants.

45. Defendants conduct was outrageous and extreme and punitive damages must be assessed against the defendants based upon their individual participation in an amount of at least four time the compensatory damages.

8.

**WHEREFORE,** the Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    An award of compensatory damages for both economic and non-economic loss in excess of $5,000,000.00 with the exact amount to be proven at the time of trial.

2.    An award of punitive damages in an amount equal to four times the amount of compensatory damages.

3.    An award of prejudgment interest, an actual costs and attorney fees incurred in prosecuting this action.

4.    Such other relief, whether similar or different than the relief prayed for herein and to which plaintiff may otherwise be entitled.

**DATED** this 4th day of February, 2006.


Verne E. Rupright
Ak. Bar No. 9306013
Attorney for Plaintiff

9.