KENNER LAW FIRM, P.C.
David E. Kenner, SBN 41425
Brett A. Greenfield, SBN 217343
16000 Ventura Boulevard, PH 1208
Encino, CA 91364
818 995 1195
818 475 5369 - fax

WADE, KELLY & SULLIVAN
733 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 561-7743
(907) 562-8977 - fax

Attorney for Defendant Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KRYSTAL WALLIS,                )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )
JOSEF F. BOEHM, BAMBI TYREE,   )
LESLIE J. WILLIAMS, JR., and   )
ALLEN K. BOLLING,              )
                               )
        Defendant.             )
                               )
_____) Case No. 3:06-cv-00031-RRB

## MOTION TO EXTEND TIME AND MOTION FOR CONFERENCE REGARDING SCHEDULING AND PLANNING

Josef F. Boehm, defendant in the above-captioned matter, through his counsel of record, the Kenner Law Firm and the Law Firm of Wade, Kelly & Sullivan, hereby respectfully requests to extend the trial date and discovery deadlines in this matter for 90 days. This motion is supported by the defendant's memorandum, filed herewith.

1

## MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME AND MOTION FOR CONFERENCE REGARDING SCHEDULING AND PLANNING

Josef F. Boehm, through his counsel of record, files the following memorandum in support of his Motion to Extend Time and Motion for Conference Regarding Scheduling and Planning.

### I. DISCUSSION

Mr. Boehm has recently retained the Kenner Law Firm as primary counsel in this case and in the week of October 9, 2006, Mr. Boehm retained the firm of Wade, Kelly & Sullivan as local counsel.

The discovery in this case consists of approximately 14 bankers' boxes of documentation and recorded witness statements and information. Counsel has organized and consolidated the discovery in order to facilitate thorough review, however it remains voluminous and will require a reasonable amount of time to adequately evaluate.

Following counsel's initial overview of discovery, it is clear that there are a minimum of 20 witnesses that must be deposed, many of whom have unstable living arrangements, or are transient, and must be located through investigation.

The deadlines set forth in the original order are quickly approaching. Because the Court and opposing counsel also have schedules that need to be coordinated the Court is respectfully requested to schedule a brief telephonic conference to address discovery issues and deadlines. This request is made pursuant to the implications of the original scheduling order indicating that a

conference must be requested if more time is required to complete discovery.

### A. Primary Counsel's Medical Emergency Necessitating Extension of Dates

The Law Offices of David Kenner substituted as counsel for defendant Josef F. Boehm on May 24, 2006. At that time David Kenner was a sole practitioner. It was anticipated he would immerse himself in this matter as soon as he finished trial in USA v. Waknine, Case No. 04-00373. That matter started trial on June 6, 2006 and finished on June 13, 2006, shortly thereafter, Mr. Kenner fell and shattered his hip.

The injury resulted in the need for emergency hip replacement surgery on June 19, 2006. Other health issues were subsequently implicated. He remained under supervised medical care or was otherwise limited to his home until August 30, 2006. During September 2006, Mr. Kenner gradually returned to his office in a full time capacity.

### B. Due Diligence Resulting From the Emergency

During this time as Kenner's health continued to be a significant and debilitating problem, he sought to negate other problems by reaching an agreement to work with attorney Brett A. Greenfield on a full time basis. An agreement was reached in early August but necessitated the closing down of Mr. Greenfield's partnership, transferring files, notifying clients and arranging a move to a new office with the attendant problems of telephone and computer transfer and service, staff hires, moving, etc. The move was complete by September 5, 2006. Mr. Kenner has since returned to

his practice on a full time basis and has expended a great deal of time and energy getting this matter back on track.

### C. Extensive Need for Discovery and Complexity of the Case

#### 1. File Materials

In addition to the aforementioned unanticipated delay, Boehm's counsel received discovery in the form of 14 banker's boxes of documents from prior counsel encompassing a combination of the entire criminal matter as well as three civil matters. The boxes were not received by Mr. Kenner's office until the first week of August, 2006. As set forth above, counsel was not able to begin inspection of the documents until September 5, 2006.

In six short weeks Boehm's counsel has 1) indexed the entire set of documents, 2) Scanned every page, 3) saved all of the documents in pdf format, 4) converted the documents to OCR format (optical character recognition), 5) formatted the documents into a T.I.F. (tagged image file format) image file, and 6) imported the documents into a laser fiche database.

#### 2. Complexity of Action

This case is extremely complex. It is anticipated that Boehm's counsel will need to take as many as twenty depositions, including party depositions, witness depositions and expert depositions. Many of the witness locations are currently unknown to Boehm's counsel. Furthermore, some of the witnesses are incarcerated throughout the United States, creating an obvious hurdle with respect to gaining access to the correctional facilities for the purpose of communications and the setting and taking of depositions.

Defense counsel has expressed a desire to depose Mr. Boehm and Mr. Bolling, both of whom are incarcerated outside of the State of Alaska. Counsel for Mr. Boehm has no opposition to defense counsel taking Mr. Boehm's deposition, however, it is certain that additional time will be required in order to make arrangements for this through the Bureau of Prisons. Further, coordination of counsels' schedules will be required to insure that all parties will be able to have equal access to Mr. Boehm and Mr. Bolling for deposition purposes as it is likely that the Bureau of Prisons will require all depositions to be scheduled within the same time period.

### 3. Experts

Plaintiff has put her psychological and physiological well being at issue obviating the need for a psychological evaluation of Plaintiff with Boehm's expert Mark Mills, M.D.. This will certainly create a need for expert depositions and reports. In addition, Plaintiff has retained the services of an economist for the purpose of proving damages. Defendant Boehm is in the process of retaining an expert economist for the purpose of analyzing plaintiff's claims.

### 4. Boehm's Incarceration

Boehm is incarcerated in a federal prison located in Victorville, California approximately 100 miles from his counsel's office. In order for counsel to meet with Mr. Boehm they must spend upwards of five hours in driving time and an hour of processing time to see Mr. Boehm for a few hours per visit. Both Mr. Kenner

and Mr. Greenfield have made at least six visits in the last six weeks in order to effectively prepare and present a defense in all three civil matters.

### 5. Good Cause Has Been Shown

In order to effectively defend this matter and move litigation in a expeditious manner Boehm's counsel has retained the services of local counsel Pam Sullivan of Wade, Kelly & Sullivan. Boehm's counsel have been extremely diligent in preparing and defending this matter ever since Mr. Kenner's return to the office in early September and his association with Mr. Greenfield.

Counsel is working at a feverish pace to effectively represent and defend Mr. Boehm in this action as well as two additional civil matters. The need for extensive discovery is obvious as is the need for an extension of time do to the aforementioned delays which were out of the control of Boehm's counsel. It is not the intention of counsel to seek unnecessary delays. Counsel for Plaintiff has been made well aware of the situation and need for extension.

Boehm has shown good cause for an order granting his motion and allowing a conference regarding scheduling and planning.

## II. CONCLUSION

Due to the volume of discovery and the numerous witnesses in this case, this extension is requested which will allow counsel to adequately prepare the case, thereby preventing the risk of prejudice to Mr. Boehm.

DATED this 30th day of October, 2006 at Anchorage, Alaska.

KENNER LAW FIRM

By: /s/ David E. Kenner

David E. Kenner
California 41425
16000 Ventura Blvd.
Penthouse 1208
Encino, California   91436

WADE, KELLY & SULLIVAN

By: /s/ Pamela S. Sullivan

Pamela S. Sullivan
Alaska 9711072
(907) 561-7743
733 W. 4th Ave., Suite 200
Anchorage, Alaska   99501