Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for
Officer Steven Boltz

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| KRYSTAL WALLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOSEF F. BOEHM, BAMBI ) | |
| TYREE, LESLIE J. WILLIAMS, ) | |
| JR., and ALLEN K. BOWLING ) | |
| ) | |
| Defendants. ) | Case No. 3:06-cv-00031-RRB |
| ) | |

**MOTION TO QUASH OR FOR PROTECTIVE ORDER
AS TO DEPOSITION OF OFFICER STEVEN BOLTZ**

The Municipality of Anchorage moves to quash the deposition of Anchorage Police Officer Steven Boltz, or for a protective order on the scope of questions, answers, and subsequent use of his testimony. This Motion is supported by the Affidavit of Officer Steven Boltz, Exhibit A, and accompanied by a proposed Protective Order.[1]

---

[1] This Motion is being simultaneously filed in Superior Court Case No. 3AN-05-11782 CI, E.A. a minor, by her mother and next friend D.A., v. Josef F. Boehm, the case in which the Boltz deposition was originally noticed. The Municipality has just received a cross-notice for the same deposition, captioned in this case.

**<u>Motion Seeks to Ensure a Fair Deposition, or None at All.</u>**

The Municipality is a non-party and does not presume to inform the Court about this civil case. Instead, the Municipality will set forth its understanding of what is going on, so that the Court can better evaluate the reasons for this Motion. For purposes of the Motion, then, undersigned counsel assumes that a juvenile or other alleged victim of sexual and/or other wrongs is suing Defendant, who is in federal prison in connection with those wrongs. During Boehm's federal criminal case, undersigned counsel assumes, juvenile, victim and witness information was often sealed by Court order. Undersigned counsel does not know whether any such U.S. District Court order survived Defendant's conviction and sentencing.

Officer Boltz of the Anchorage Police Department was the main APD investigator in the Boehm criminal case. Exhibt A at Para. 2. He has testified at two or more federal criminal proceedings in the case. Undersigned counsel assumes the parties hereto have access to all such testimony by Officer Boltz.

Now the parties to this civil suit seek further testimony from Officer Boltz in the form of a deposition. Undersigned counsel assumes that Defendant hopes to get evidence favorable to him, such as reputation or impeachment evidence regarding Plaintiff. On Plaintiff's side, it is assumed she wants information on additional wrongs that may have been perpetrated by Defendant, and names of additional victims who may yet join her in suing Defendant.

The Municipality and Officer Boltz are concerned that the parties may ask him to identify victims, witnesses or juveniles entitled to some level of legal protection of their identities or their privacy under federal, state or local law. Exhibit A at Paras. 6-9. They are also concerned the parties may seek testimony that would jeopardize other, open criminal investigations or pending prosecutions. Id. at Para. 6.

**Proposed Protective Order Balances Parties' Needs with Movant's Needs.**

This Motion seeks to avoid the above-mentioned risks with either (1) an order quashing the deposition or (2) a suitable Protective Order. The Protective Order would protect the privacy interests of those victims, juveniles and witnesses, and avoid the risk of exposing any open law enforcement investigation. It would enable Officer Boltz to testify without fear of unnecessarily violating anyone's privacy or any law. At the same time, the Protective Order – unlike an Order Quashing – would balance Movant's concerns with the needs of the parties.

The Protective Order would <u>allow</u> the parties to ask, and <u>allow</u> Officer Boltz to answer, questions about victims, juveniles and witnesses. Later publication of the deposition testimony would require this Court's approval and whatever restrictions this Court deemed necessary for the sake of the victims, juveniles and witnesses. This, Movant submits, would give the parties all they need.

What Movant seeks to limit (as opposed to allowing it, with protections) are questions regarding any open criminal investigations. If so questioned,[2] Officer Boltz should not have to answer. If he must refuse, he should not have to explain his refusal.

**Municipality Repeatedly Urged Parties to Craft a Suitable Order.**

Defendant began seeking Officer Boltz's deposition in his Superior Court case, 3AN-05-11782 CI, E.A. a minor, by her mother and next friend D.A., v. Josef F. Boehm, last April. It has been set and then postponed. Beginning last April, the Municipality repeatedly asked Defendant to shoulder the burden of crafting and seeking entry of a protective order that would meet his needs. See letter of April 25, Exh. B; letter of May 8, Exh. C, and letter of May 14, Exh. D. Despite assurances by Defendant, at one point, that he would prepare such an order, he never did. Getting no cooperation from Defendant, the Municipality then telephoned counsel for Plaintiffs in the Superior Court case as well, and followed up with a fourth letter to Defendant's counsel, cross-copied to Plaintiff's counsel in that case. See letter of November 5, Exh. E. Nearly a month later, no proposed order has been received. The Municipality has bent over backwards trying to get the parties' cooperation and avoid involving the Court. This Motion follows.

It is hoped this Motion will be unopposed. However, if the parties do argue for changes, the Municipality asks that the Court view their arguments with skepticism, as they failed, for more than six months, to craft an order they might have preferred.

---

[2] The parties may, without realizing it, ask a question which bears on an open law enforcement investigation. This language is proposed so that Boltz can avoid a substantive response, and avoid explaining why.

Respectfully submitted this 26th day of November, 2007.

          JAMES N. REEVES
          Municipal Attorney

By:  s/ Joyce Weaver Johnson
      Municipal Attorney's Office
      P.O. Box 196650
      Anchorage, Alaska 99519-6650
      Phone: (907) 343-4545
      Fax: (907) 343-4550
      E-mail: uslit@muni.org
      Alaska Bar No. 9306029

The undersigned hereby certifies that on 11/26/07 a true and correct copy of the *Motion to Quash or for Protective Order as to Deposition of Officer Steven Boltz  & Proposed Order* was served on:

    Verne Rupright
    Timothy J. Petumenos

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.
 s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office