Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for
Officer Steven Boltz

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRYSTAL WALLIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSEF F. BOEHM, BAMBI )<br>TYREE, LESLIE J. WILLIAMS, )<br>JR., and ALLEN K. BOWLING )<br>)<br>Defendants. )<br>) | Case No. 3:06-cv-00031-RRB |

### PROPOSED ORDER ON MOTION TO QUASH OR FOR PROTECTIVE ORDER AS TO DEPOSITION OF OFFICER STEVEN BOLTZ

This Court having reviewed the Municipality of Anchorage's Motion to Quash or for Protective Order as to Deposition of Officer Steven Boltz, with its supporting exhibits, including the Affidavit of Officer Boltz, and any opposition thereto, and being apprised of the premises, hereby ORDERS:

The Motion is Granted. IT IS FURTHER ORDERED:

1. The court is aware of applicable federal, state and local law protecting confidential victim and witness information, criminal justice information and juvenile records, and open law enforcement investigations. The Court recognizes the values of victim/witness privacy and avoiding interference with open law enforcement investigations. Further, the Court understands the concerns of the Municipality and Officer Boltz about being required to divulge either private information, or information concerning open criminal investigations.

2. At the same time, the Court understands the discovery needs of the parties to this litigation. This Order is designed to balance the parties' needs with those of the Municipality and Officer Boltz.

3. Officer Boltz may comply with the civil subpoena and notice of deposition set for December 18, 2007, except as otherwise ordered herein.

4. The parties shall not question Officer Boltz regarding any open criminal investigations.

5. Officer Boltz need not answer any questions regarding open criminal investigation. He need not explain his refusal.

6. The parties may question Officer Boltz regarding any and all persons, including victims of crimes and juveniles.

7. Officer Boltz need not answer any questions about such persons, including victims of crimes and juveniles, if answering would be reasonably likely to jeopardize an open criminal investigation. He need not explain his refusal.

8. No part of any tape, videotape, digital recording, stenographic record, transcript or other record of Officer Boltz's deposition shall be published in any pleading, motion or exhibit, or in open court, without this Court's leave. Such records may be submitted to the Court under seal as needed.

9. No part of any tape, videotape, digital recording, stenographic record, transcript or other record of Officer Boltz's deposition shall be disclosed to any person, other than parties and attorneys participating in this litigation, without this Court's leave.

10. If the Court grants leave as provided above, it will enter any orders it deems appropriate to protect the confidentiality of the testimony, including closing the courtroom to the public, instructing the jury to not reveal any information, sealing the record, etc.

11. Violation of this Order shall be punishable by contempt.

Dated this _____ day of_____ 2007.


                By:_____
                    Ralph Beistline
                    U. S. District Judge