Timothy J. Petumenos, ABA #7611147
Max D. Garner, ABA #9011096
Birch, Horton, Bittner and Cherot
1127 W. Seventh Avenue
Anchorage, AK  99501
(907) 276-1550

    Attorneys for Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRYSTAL WALLIS, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEF F. BOEHM, BAMBI ) <br> TYREE, LESLIE J. WILLIAMS, ) <br> JR., and ALLEN K. BOWLING, ) <br> ) <br>     Defendants. ) <br> _____) | Case No. 3:06-cv-00031-RRB |

## BOEHM'S PARTIAL OPPOSITION TO
## MOTION TO QUASH OR FOR PROTECTIVE ORDER

    Defendant, Josef F. Boehm, by and through undersigned counsel of record, hereby submits his partial opposition to the motion to quash or for protective order filed by the Municipality of Anchorage.  Mr. Boehm opposes the Municipality's motion to quash Officer Boltz's deposition subpoena in its entirety.  That said, it does not appear that the Municipality is seriously contesting the right of the parties to take Officer Boltz's deposition.  Mr. Boehm is not opposed to the entry of a protective

WALLIS V. BOEHM, ET AL.    CASE NO. 3:06-cv-00031-RRB
PARTIAL OPPOSITION TO MOTION TO QUASH    PAGE 1 OF11
F:\506539\2\MDG1184.DOC

order, but requests that the terms of that order be crafted in narrower terms than those proposed by the Municipality.

## I.     Facts and Procedural Background

Plaintiff Krystal Wallis has filed suit based upon allegations that, in the summer of 2003, Mr. Boehm provided her crack cocaine and engaged in sexual activity with her at a time when she was under the age of 18.  The allegations made by Ms. Wallis arise from a federal criminal case, United States v. Boehm et al., Case No. 3:04-CR-00003 (JWS), in which Mr. Boehm, Bambi Tyree, Leslie J. Williams and Allen Bolling were convicted of varying felony charges for their participation in an alleged scheme to distribute crack cocaine to persons under the age of 18 years. The lead investigative agency in that prosecution was the Anchorage Police Department ("APD").  Officer Steven Boltz was the lead investigator assigned to the case by APD.

In addition to the above-captioned case filed by Ms. Wallis, four other women who claim to have been victims in the federal criminal case have sued Mr. Boehm in state court in the consolidated matter E.A., et al. v. Boehm, Case No. 3AN-06-13546 CI (assigned to Judge Mark Rindner).  They too allege that Mr. Boehm and others provided them crack cocaine in 2003, and that sexual activity occurred in connection with the distribution of drugs to them.

In order to maximize the permissible range of damages, all of the Plaintiffs in the two cases pending against Mr. Boehm allege that they were not addicted to crack cocaine or other drugs prior to the summer of 2003, but became addicts through their involvement with Mr. Boehm and the other defendants.  In

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

similar fashion, Plaintiffs allege that they had only limited sexual experience prior to 2003, and were therefore greatly traumatized by their sexual activity with Mr. Boehm and/or the other defendants.  Plaintiffs allege that as a result of their addictions and trauma, they will be unable to obtain an education or maintain gainful employment for the rest of their lives -- which, according to Plaintiffs, means that they are entitled to millions of dollars in damages from Mr. Boehm.

In defense of these claims, Mr. Boehm's position is that Plaintiffs all suffered from serious substance abuse problems before they claim to have had any interaction with him in 2003.  Accordingly, Mr. Boehm asserts that any involvement that Plaintiffs may have had with him did not alter or aggravate their serious pre-existing addictions.  Subsequent to the events giving rise to this case, Plaintiffs continued to seek out drugs that were never allegedly provided to them by Mr. Boehm and the other defendants -- particularly alcohol, marijuana and methamphetamine.  Since Plaintiffs were using those drugs before their alleged interaction with Mr. Boehm, and continued abusing those drugs afterwards, Mr. Boehm maintains that any interaction Plaintiffs may have had with him had little impact on the course of Plaintiffs' lives.  In similar fashion, Mr. Boehm alleges that most of the Plaintiffs were the victims of sexual abuse and sexual assault perpetrated by others before and after the summer of 2003, and that Plaintiffs are trying to recover damages from him for the effects of mental trauma that was inflicted upon them by others.

Mr. Boehm also maintains that Plaintiffs are greatly exaggerating the extent to which they obtained drugs or engaged in sexual activity with him.  Evidence

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

for this includes statements Plaintiffs gave to Officer Boltz and other investigators in 2003 and 2004 where they denied or downplayed the extent to which they were involved with any sexual or drug-related activities involving Mr. Boehm. Only after Plaintiffs learned of the possible financial windfall that awaited them did they come forward with the allegations that underlie the pending civil actions.

The importance of Officer Boltz's testimony in the civil cases cannot be understated. Officer Boltz -- or APD officers working under his direct supervision -- interviewed every Plaintiff in the pending civil cases on multiple occasions. Some of those interviews are documented by police reports and/or recordings. Many of those interviews were not. These repeated interviews continued until Plaintiffs gave accounts that prosecutors felt comfortable presenting to a federal grand jury in 2004. Officer Boltz also interviewed most of the key witnesses in the criminal investigation. As a result, Officer Boltz is arguably the most knowledgeable person in the world when it comes to the varying stories told by Plaintiffs and the various witnesses, and how those stories evolved over time.

Officer Boltz's knowledge extends also to the backgrounds and family histories of Plaintiffs, Defendants and key witnesses. Officer Boltz is believed to have gathered information regarding Plaintiffs' families and home life, and tracked their involvement with the juvenile justice system between the time the criminal investigation began in 2003, and the time the various criminal cases resolved through plea agreements in 2005. This type of background information, which was not well documented in police reports, is vital in a case where Plaintiffs claim they would have

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

led happy, drug-free lives but for their involvement with Mr. Boehm and the other defendants.

Another factor adding to the importance of Officer Boltz's testimony is the role played by Bambi Tyree in the events giving rise to Plaintiff's claims. In the federal criminal case, Ms. Tyree was initially accused of being a leading member of a drug and sex conspiracy that included Mr. Boehm and others. Recognizing which way the wind was blowing, Ms. Tyree eventually negotiated a deal with prosecutors in which she agreed to give incriminating testimony against Mr. Boehm and others in exchange for a lenient sentence. Since that time, Ms. Tyree has given statements consistent with her past testimony in an effort to aid those filing civil suits against Mr. Boehm.

The defense theory of the case is that Ms. Tyree was a leader in the events giving rise to the pending civil cases, and that she made the logical decision to tell a story that shifted blame from herself onto Mr. Boehm in order to avoid years of jail time. The extent to which Officer Boltz was aware of Ms. Tyree's past criminal activities in which Mr. Boehm had no involvement is critical to a jury's understanding of the enormous leverage that the government had over her. Information known to Officer Boltz suggesting that Ms. Tyree's account of events was inaccurate, or that reflects badly upon Ms. Tyree's credibility as a witness, is therefore crucial in the pending civil cases. Mr. Boehm is also seeking allocation of fault and damages to Ms. Tyree for the role she played in the events of 2003.

Mr. Boehm's counsel has been candid with the Municipality of Anchorage as to the areas of questioning it wants to explore during Officer Boltz's

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

deposition. Thus, the affidavit filed by the officer in support of the Municipality's motion describing the areas of anticipated testimony is largely accurate.

## II. Discussion

### A. The Municipality's Motion to Completely Quash the Deposition of Officer Boltz Should Be Denied

Judging from the memorandum and proposed order filed with the Municipality's motion to quash, the Municipality concedes that Officer Boltz can and should be deposed as a witness in the pending civil cases. The only real question for the Court is whether any limitations on potential areas of questioning should be imposed in advance of the deposition. Accordingly, the Municipality's motion to completely quash the deposition subpoena should be denied.

### B. Mr. Boehm is Not Opposed to a Protective Order Limiting Access to the Transcript or Videotape of Officer Boltz's Testimony

Due to the nature of the allegations made in these cases, the Municipality seeks an order limiting access to Officer Boltz's deposition -- at least during the pretrial phase of the pending cases -- to parties and their attorneys participating in the litigation. This request is not unreasonable, although the list of people having access to the transcript or videotape should be expanded to include the court reporter, investigators and paralegals employed by counsel, and technical experts who may be retained to digitize the transcript and videotape (which is necessary in order to edit the testimony for computer-assisted playback at trial). With those additions, Mr. Boehm is not opposed to an order limiting the number of people allowed access to the transcript or videotape of Officer Boltz's deposition.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

### C. Revisions Should be Made to Those Portions of the Municipality's Proposed Protective Order Addressing Publication of Officer Boltz's Deposition Testimony

Mr. Boehm has no opposition to a protective order that would require that any part of Officer Boltz's deposition submitted with motions or pleadings be filed under seal.  This would preserve confidentiality, while balancing the parties' need to make use of the deposition testimony in motions and other routine filings with the state or federal court without having to seek permission before doing so.  Since Mr. Boehm has received notice that Plaintiffs' counsel in the state case is representing other potential claimants, the order should allow for Officer Boltz's deposition to be used in future cases subject to the requirement that any excerpts submitted to the courts be filed under seal.

No order restricting publication of the deposition testimony at trial should be entered.  To the extent the parties intend to publish parts of Officer Boltz's deposition at trial, they will have to file designations alerting the court and opposing parties accordingly.  (Those designations, as suggested in the preceding paragraph, can be filed under seal).  Thus, this Court or the state court will have the ability to decide in advance whether the proposed deposition play should be admitted into evidence.  To the extent that the parties seek to introduce part of Officer Boltz's deposition for impeachment purposes at trial, this should be left to the sound discretion of the trial court judges who can make decisions regarding admissibility and publication based upon all of the developments occurring before and during trial.  Mr. Boehm opposes any order that would require the parties in state court proceedings to petition this Court for relief in the middle of a trial.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

D. <u>No Order Should Be Entered That Would Limit Questions Regarding the Background or Criminal Activities of Persons Involved in the Civil Cases</u>

In its motion, the Municipality expresses concern that Officer Boltz may be asked questions relating to what the Municipality calls "open criminal investigations." In the proposed order offered by the Municipality, Officer Boltz would be the sole arbiter of whether a question implicated an open criminal investigation, and would not have to provide any explanation as to why he was refusing to answer a particular question. The problem with such an order is manifest -- if Officer Boltz is given carte blanche to remain silent whenever he subjectively believes that the answer to a question may implicate an open investigation, and is allowed to remain silent when asked to explain the basis for his belief -- it will be impossible for the parties to file informed motions to compel.

The other problem with the Municipality's proposed protective order is the ambiguity inherent in the phrase "open criminal investigations." At what point the Municipality regards a case to be "open" or "closed" is unknown at this time.

To a large extent, however, this issue may be of little consequence. By the understanding of Mr. Boehm's counsel, Officer Boltz is currently assigned to law enforcement duties at Eagle River High School, and has been working that beat for some time. None of the Plaintiffs or witnesses currently known to the parties have any connection to Eagle River High School, or for that matter, the Eagle River area. Thus, it seems unlikely that Officer Boltz would have any personal knowledge concerning confidential criminal investigations of persons involved in this case. This

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

is a factor that weighs against the type of broad, subjective and easily-abused protective order sought by the Municipality.

Additionally, at no point has the Municipality ever advised Mr. Boehm's counsel that Officer Boltz actually has knowledge of any open investigations involving persons who are parties or witnesses in the civil cases now pending against Mr. Boehm. This is an additional factor weighing against the entry of a broad protective order at this point in time.

In light of the foregoing, the best way of handling this issue is to put the ball back into the Municipality's court by asking the Municipality to determine if Officer Boltz is aware of any open criminal investigations relating to persons whose names are likely to surface in the course of his deposition. By the time this opposition is filed, Mr. Boehm's counsel will have already provided a list of those names to the Municipality. No protective order need issue if Officer Boltz has no knowledge of open criminal investigations involving those individuals. If it turns out that Officer Boltz has such knowledge, then the Municipality can seek further relief knowing in greater detail the type of information that it wishes to keep confidential.

Thus, absent some showing by the Municipality that the issue of open investigations is likely to come up during Officer Boltz's deposition, no protective order should issue. Since counsel for the Municipality will presumably be attending the deposition, any unforeseen confidentiality issues that come up can be addressed by the Municipality during the course of the deposition. This would insure that there is some type of record that can be utilized by the parties in a subsequent motion to compel.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

WALLIS V. BOEHM, ET AL.                                                        CASE NO. 3:06-cv-00031-RRB
PARTIAL OPPOSITION TO MOTION TO QUASH                          PAGE 9 OF 11
F:\506539\2\MDG1184.DOC

To the extent that the subject of open investigations is addressed in a protective order, Mr. Boehm requests that the order simply provide that counsel for the Municipality may, in response to specific questions, advise Officer Boltz not to answer questions on the grounds that the answer may implicate an open criminal investigation. The parties could then file any motions to compel deemed advisable following completion of the deposition.

Mr. Boehm has no intention of asking Officer Boltz questions regarding matters that do not relate to his investigative efforts in the criminal investigation giving rise to the civil cases, or individuals who are not involved as parties or witnesses in those cases. Accordingly, Mr. Boehm has no objection to the issuance of a protective order restricting the parties from asking questions about uninvolved third parties.

## III.  Conclusion

Based upon the foregoing, Mr. Boehm respectfully requests that the Court deny the Municipality's motion to quash the deposition subpoena for Officer Boltz, and that the Court entered the proposed protective order that is filed herewith.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

DATED this __4th__ day of December, 2007.

          BIRCH, HORTON, BITTNER AND CHEROT
          Attorneys for Defendant


      By:  __/s/ Max D. Garner__
          Timothy J. Petumenos, ABA #7611147
          Max D. Garner, ABA #9011096
          1127 W. Seventh Avenue
          Anchorage, AK  99501
          (907) 276-1550
          Facsimile: (907) 276-3680
          mgarner@bhb.com


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the __4th__ day of December, 2007, a true and correct copy of the foregoing was served via electronically on:

Mr. Verne E. Rupright
Law Offices of Rupright & Associates, LLC

Ms. Pamela S. Sullivan
Wade, Kelley & Sullivan

Ms. Mary O. Pate
Eide, Miller & Pate, P.C.

and via U.S. Mail, postage prepaid, on the following:

Leslie J. Williams, Jr.
FCI Victorville II
Adelanto, CA  92301

Allen K. Bolling
Terra Haute USP
4700 Bureau Road
Terra Haute, ID  47802

BIRCH, HORTON, BITTNER AND CHEROT


By: __/s/ Martha K. Marshall__

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

WALLIS V. BOEHM, ET AL.                CASE NO. 3:06-cv-00031-RRB
PARTIAL OPPOSITION TO MOTION TO QUASH       PAGE 11 OF11
F:\506539\2\MDG1184.DOC