Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for
Officer Steven Boltz

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRYSTAL WALLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOSEF F. BOEHM, BAMBI | ) |
| TYREE, LESLIE J. WILLIAMS, | ) |
| JR., and ALLEN K. BOWLING | ) |
| | ) |
| Defendants. | ) Case No. 3:06-cv-00031-RRB |
| | ) |

## REPLY TO BOEHM'S PARTIAL OPPOSITION TO MOTION TO QUASH OR FOR PROTECTIVE ORDER

The Municipality of Anchorage replies to Boehm's Partial Opposition dated December 4. The Municipality also notifies this Court it has sent to all parties (in both the federal and the state civil cases) a modified Protective Order, proposed for stipulation. Exhibit A.

**U.S. Attorney Has Concerns, May File Motion.**

The Anchorage Police Department has advised the Municipal Attorney it has no open investigations and it turned over its past investigative work to the U.S. Attorney. Whether the United States will pursue any further charges against anyone for crimes relating to those involved in U.S. v. Boehm et al., Case No. 3:04-CR-00003 (JWS), is not within the knowledge of the Municipality or Officer Boltz. Therefore, the Municipality yesterday advised the U.S. Attorney (Exhibit B, letter to Russo and Goeke) that the government may need to intervene, if it wishes to prevent disclosure of past APD investigative work that may be used in future federal prosecutions.

Today the U.S. Attorney's office advised it intends to file a motion in this case addressing this issue, but more particularly addressing federal laws and extant federal orders prohibiting some of the parties' questions and Boltz's answers, those concerning juvenile/victim/witness privacy.

The Municipality's proposed modified Protective Order does not address open investigations, possible future prosecutions, or privacy provisions of applicable law; this will be up to the U.S. Attorney. The modified Order is designed simply to protect Officer Boltz with respect to the privacy issue, by allowing the parties to ask, and allowing Officer Boltz to answer, questions about victims, juveniles and witnesses, subject to restrictions on publication or re-disclosure. The United States may argue this modified Order would allow disclosures that contravene federal laws or existing court orders; if so, the proposed Order may require further modification by the parties or Court.

**<u>Some of Defendant's Assertions Lack Merit.</u>**

The Municipality must comment on some of Defendant Boehm's assertions in his Partial Opposition.

1.)         Defendant at p. 7 argues for an order allowing publication of Boltz's testimony at trial, suggesting that the more cautious order proposed by the city would require the parties "to petition this Court for relief in the middle of a trial." This argument is premature and without merit. The parties may address the admissibility of such testimony <u>in limine,</u> without awaiting the trial. At this early stage, the Court should err on the side of caution and restrict trial use of Boltz's testimony until and unless the privacy and other issues are resolved <u>in limine.</u>

2.)         Defendant at p.9 argues no protective order should issue concerning open investigations absent the Municipality showing that "the issue of open investigations is likely to come up" during the deposition. This argument is disingenuous: Defendant has already tried to learn from Officer Boltz, through the Municipal Attorney, whether any of 14 persons are suspects or witnesses in open investigations. Thus, it is clear Defendant intends to <u>make</u> this an issue.

3.)        Defendant at p.10 argues that the parties be allowed to ask about open investigations, and that the Municipal Attorney instruct him not to answer, if "the answer may implicate an open criminal investigation."  Such an instruction, following such a question, effectively answers the question: "Yes, there is an open criminal investigation."  Defendant's argument is without merit; he plainly seeks to force disclosures to which he is not entitled, using any back-door approach he can devise.

4.)        Defendant at p.10 offers to allow an order keeping the parties from inquiring about "uninvolved third parties."  It is difficult to conceive how such an order can be effective where many persons were both victim and witness, both perpetrator and witness, or had other dual roles.

## Conclusion.

With those specific points addressed, the Municipality urges the entry of its modified Protective Order.  At the time of filing this Reply/Notice, the Municipality is awaiting all parties' accord with the modified Order which it proposed to them today.  The modified Order may require revision when the United States has presented its authorities and arguments.

Respectfully submitted this 12th day of December, 2007.

JAMES N. REEVES
Municipal Attorney

By:   s/ Joyce Weaver Johnson
      Municipal Attorney's Office
      P.O. Box 196650
      Anchorage, Alaska 99519-6650
      Phone: (907) 343-4545
      Fax: (907) 343-4550
      E-mail: uslit@muni.org
      Alaska Bar No. 9306029

The undersigned hereby certifies that on 12/12/07 a
true and correct copy of the *Reply to Boehm's Partial
Opposition to Motion to Quash or for Protective Order*
was served on:

    Verne Rupright
    Max D. Garner

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.
 s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office