Timothy J. Petumenos, ABA #7611147
Max D. Garner, ABA #9011096
Birch, Horton, Bittner and Cherot
1127 W. Seventh Avenue
Anchorage, AK  99501
(907) 276-1550

    Attorneys for Josef F. Boehm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRYSTAL WALLIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEF F. BOEHM, BAMBI ) <br> TYREE, LESLIE J. WILLIAMS, ) <br> JR., and ALLEN K. BOWLING, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 3:06-cv-00031-RRB |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
TESTIMONY OF OFFICER STEVEN BOLTZ**

**I.     INTRODUCTION**

During the deposition of Officer Steven Boltz, he refused, on the advice of counsel citing Federal Rule of Criminal Procedure 6 ("Rule 6"), to answer questions that would cause him to testify as to facts and information that he had previously testified to before a federal grand jury in criminal proceedings against

Defendant/Third-Party Plaintiff Josef Boehm. By taking that position, Officer Boltz effectively cut off inquiry into the majority of the issues that Mr. Boehm's counsel wanted to explore during the deposition.

The problem with this assertion of testimonial privilege is that Rule 6 does not preclude a witness from testifying in a civil proceeding merely because the subject matter of that testimony was discussed before a federal grand jury. Accordingly, the court should compel the testimony of Officer Boltz.

## II.     **BACKGROUND**

Krystal Wallis is currently suing Mr. Boehm and others for damages allegedly caused by a conspiracy in which she was provided illegal drugs in exchange for sexual favors. Several other plaintiffs have sued Mr. Boehm seeking similar damages under similar legal theories in state superior court. See E.A., et al. v. Josef F. Boehm, et al., Case No. 3AN-03-11782 CI. The civil allegations in both cases piggyback on the federal criminal charges brought against Mr. Bohem in Case No. A04-0031-01 CR (JWS).

While Mr. Boehm was ultimately prosecuted and convicted in federal court, the underlying investigation was conducted entirely by the Anchorage Police Department ("APD"), with Officer Boltz the assigned lead investigator. Beginning in May 2003, Officer Boltz and other APD officers under his direction interviewed numerous alleged victims, suspects and witnesses; executed a series of state search warrants; and otherwise worked the case and pursued leads without assistance from any federal law enforcement agencies. In roughly late November or early December 2003, the decision was made by state and federal prosecutors to

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

prosecute Mr. Boehm and others in federal court. A federal arrest warrant was obtained and ultimately served on Mr. Bohem by Officer Boltz on December 12, 2003. After wrapping up APD's investigation at some point in January 2004, Officer Boltz handed the case off to federal law enforcement agencies and the U.S. Attorney's Office for prosecution.

On January 20, 2004, Officer Boltz testified before a federal grand jury that ultimately indicted Mr. Boehm. In that testimony, Officer Boltz provided details regarding the entire history of the investigation. Among the various testimonial topics were the interviews that had been conducted by himself and other APD officers, searches that were conducted in connection with the investigation, and opinions that had been formed as to various roles played by Defendant and others involved in the alleged conspiracy. It is unknown whether Officer Boltz testified in subsequent grand jury proceedings. It appears that the names of Krystal Wallis and all of the plaintiffs in the pending civil case(s) were discussed during Officer Boltz's testimony.

On December 18, 2007, the parties deposed Officer Boltz in order to examine him about his investigation of the various allegations made against Mr. Boehm. This information is essential to defending the civil claims against Mr. Boehm because the civil plaintiffs uniformly gave statements to Officer Boltz and other APD investigators in which they denied or downplayed the extent to which they had any interaction with Mr. Boehm. By way of example, Krystal Wallis gave a statement to police in which she only claimed to have seen Defendant one time, and never used drugs or had any type of sexual interaction with him. In stark contrast to that statement, however, Wallis now claims that she obtained drugs or had sexual

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

contact with Mr. Boehm on so many occasions that she will be unable to work for the rest of her life as a result.

Also vital to Mr. Boehm is the perspective Officer Boltz provides as to the role played by Mr. Boehm and the other co-defendants in the civil cases (including Bambi Tyree, Allen Bolling and Leslie Williams). For example, Mr. Boehm believes that Officer Boltz would testify that co-defendant Bambi Tyree furnished drugs to one or more of the plaintiffs, and that Mr. Williams was a leader in the alleged conspiracy since he sold drugs, but never consumed them himself. Officer Boltz also possesses a great deal of information regarding the criminal activities of Mr. Bolling. From an allocation of fault perspective, such testimony is highly relevant since a jury could rely upon it to shift damages (if damages are indeed found) from Mr. Boehm to these other individuals.

Unfortunately, however, Officer Boltz -- at the direction of counsel for the Municipality of Anchorage ("MOA") -- declined to testify on topics that he testified to before the federal grand jury. According to the MOA's counsel, unless Mr. Boehm could establish that the "privilege" created by Rule 6 had been waived as to a particular question or topic through testimony that Officer Boltz gave in open court at the behest of federal prosecutors, Officer Boltz would be instructed not to answer. This created a bewildering situation where Officer Boltz might testify on some topics, but not others, depending on varying recollections of whether the subject matter of a particular question had been discussed in testimony that Officer Boltz gave in open court. The position taken by MOA's counsel was expressed in the following depositions excerpt:

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

Q. Would you describe Bambi Tyree's role in this situation as that of a house mom?

MR. GINGRAS: Object to form.

A. Should I answer it? I think that was during the actual grand jury. I don't think that was actually -- unless you can show me otherwise, I think that was the grand jury. I don't recall.

Q. Did you say it there?

MS. WEAVER JOHNSON: Counsel, you all, hopefully, received my letter last evening saying that if we approached anything that had been in the grand jury, we wanted to see your showing that it was published.

Q. Okay. Let me withdraw the question and ask this way: Did you ever form an opinion as to whether or not Bambi Tyree played the role of a house mom?

MR. GINGRAS: Objection to form.

MS. WEAVER JOHNSON: Is that the same concern?

A. I don't recall that being discussed at the sentencing hearing.

Q. Did you ever form that opinion at any time during your involvement in the investigation of this case?

MR. GINGRAS: Same objection.

A. Yes, I did.

Q. What was that opinion?

MS. WEAVER JOHNSON: And I'm just going to enter an objection on the possibility that it may be limited by the grand jury.

Q. Just for the record, I am not asking you what you testified to or didn't testify to at the grand jury. I'm just asking whether or not you ever formed an opinion.

A. My opinion was stated at the grand jury. That's my concern.

Q. Irrespective of that. You're choosing to tell me that. I'm not asking you that.

A. Then I choose not to tell you then.

Q. My question is: Did you ever form that opinion? I'm not asking you when you testified to it or if you testified to it. I'm simply saying: Did you ever form an opinion with regard to whether or not Bambi Tyree was in the role of a house mom with respect to this investigation?

A. Yes, I did.

MR. GINGRAS: Same objection.

A. I did, but yes.

MS. WEAVER JOHNSON: I'm going to keep it simple and instruct the witness not to answer under Judge Beistline's instructions this morning.

MR. KENNER: And the basis for that objection?

MS. WEAVER JOHNSON: Rule 6(e), Criminal Rule 6(e).

MR. KENNER: Is it your position that 6(e) applies, even though I'm not asking him what he said in front of the grand jury or if he testified in front of the grand jury?

MS. WEAVER JOHNSON: Mr. Kenner, I know you weren't at the hearing this morning, but Judge Beistline specifically asked all counsel present to avoid discussions. And I have stated the privilege and Judge Beistline's instructions were to go forward, and if we have disputes, we take them up with the court. Thank you.

MR. GARNER: This is Max Garner, counsel for Mr. Boehm, and I was present at the hearing. And I want it to be very clear on the record that the counsel for the municipality understands that the question posed does not ask the witness to comment on grand jury testimony. <u>And by my understanding of your assertion of the privilege under 6(e) is that since this was something that was discussed before the grand jury, even though it is based upon work that the officer did outside of the grand jury, it is nevertheless a protected area of testimony. Is my understanding correct</u>?

MS. WEAVER JOHNSON: <u>For today, that's going to be our position.</u>

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA  99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

Boltz Deposition, pp. 70-73 (emphasis added). Once the objection was raised, Mr. Boehm tailored his examination of Officer Boltz to exclude questions that would elicit testimony that might also have been offered before the grand jury. Mr. Boehm's examination should not have been limited in this manner, and the Court should compel Officer Boltz to give full and complete testimony about his investigation, without regard to whether the information he is asked to provide was also disclosed to the grand jury.

## III.  ARGUMENT

Federal Rule of Criminal Procedure 6 codifies the rule of secrecy applied to grand jury proceedings, and prohibits grand jurors, interpreters, court reporters, operators of recording devices, transcriptionists, government attorneys and government personnel assisting government attorneys from disclosing "a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B).

The general purpose of the rule is "(1) to protect the privacy and the safety of the grand jurors; (2) to encourage full disclosure by prosecutors; (3) to prevent the escape of a person who was indicted before police officers could arrest the person; (4) to prevent the subornation of perjury in efforts to disprove facts testified to before the grand jury; and (5) to protect the reputations of persons whom the grand jury investigates but does not indict." 154 A.L.R. Fed. 385 § 2.

### A.  Grand Jury Witnesses Are Not Bound By Secrecy

Rule 6 very narrowly outlines the limit of the secrecy obligation by expressly identifying the characters who are bound by grand jury secrecy, 6(e)(2)(B), as well as three narrow exceptions for disclosure by that limited group of characters,

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

6(e)(3)(A).  If these narrow descriptions do not fit, "No obligation of secrecy may be imposed on any person."  Fed. R. Crim. P. 6(e)(2)(A).  Witnesses are not expressly designated as persons bound by secrecy and are, therefore, free to divulge their testimony to whomever they choose without violating the rule or the policies underlying the rule.  The Ninth Circuit holds accordingly.  "Rule 6(e) simply does not apply to information voluntarily provided by [witness] because a witness's 'knowledge and information' is not covered by the rule."  Davies v. Commissioner of Internal Revenue, 68 F.3d 1129, 1130 (9th Cir. 1995); citing U.S. v. Sells Engineering, Inc., 463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983) (holding that witnesses are not under the disclosure prohibition).  In this case, the witness, Officer Boltz, is free to divulge information gathered through his investigative efforts and should be compelled by this court to do so.

> B.   Officer Boltz's Investigation Is Not A Matter Occurring Before The Grand Jury

Even if the Court sees Officer Boltz as an enumerated individual precluded from disclosing matters occurring before a grand jury, Officer Boltz is not protected from testifying in the civil matter even though his testimony may address topics that he covered in testimony before a federal grand jury.  This comports with the reasoning of the Ninth Circuit with respect to what information or materials are considered as "matter occurring before the grand jury" for purposes of Rule 6.

In Davies, the Court held that Rule 6 "protects only materials that 'reveal some secret aspect of the inner workings of the grand jury.'"  Davies, 68 F.3d at 1130; citing, U.S. v. Dynavac, Inc., 6 F.3d 1407, 1413 (9th Cir. 1993).  According to Davies, Rule 6 simply does not protect all material amassed for presentment to a

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

grand jury. The Ninth Circuit appears to stand by this reasoning as described in a recent unpublished decision.[1] Other District Courts within the Ninth Circuit have released the content of witness interviews. In In Re Grand Jury Proceedings (Daewoo), 613 F.Supp. 672 (D.C. Or. 1985) ("Daewoo"), the government filed civil claims against Daewoo, which corresponded to criminal charges that were the subject of a prior grand jury proceeding. As part of its case, the government sought disclosure of transcripts of testimony before the grand jury and for documents and other information produced during the criminal investigation. The district court held, "The content of any interviews conducted before the institution of the grand jury proceedings is not a matter occurring before the grand jury and may be disclosed without a Fed.R.Crim.P. 6(e) request." Id. at 682. In this case, Officer Boltz conducted his investigation, including interviews of witnesses, prior to the institution of the grand jury. Even if the grand jury was instituted, Officer Boltz conducted his investigation without knowledge of the grand jury or the proceedings before it.[2]

Although Daewoo deals with documents rather than testimony presented to a grand jury, the reasoning of the court in Davis v. Romney, 55 F.R.D. 337 (E.D. Pa. 1972), demonstrates the distinction between facts and information that a witness possesses before providing grand jury testimony, and information that relates to proceedings before the grand jury. In Davis, plaintiffs in a civil action

---

[1]   In Re Grand Jury, 117 Fed. Appx. 527, 530 (9th Cir. 2004).

[2]   Officer Boltz testified repeatedly that he did not know what the federal agents were doing or what their plan was. Once Boehm was arrested, Officer Boltz basically concluded his investigation and turned it over to the FBI.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

sought the production of file binders that constituted part of the evidence before a special grand jury. The court pointed out that the binders existed as an entity apart from the grand jury, that the information contained in them did not reflect upon and was not inextricably intertwined with the deliberation or work of the grand jury, and that disclosure of the information in them could be accomplished without suggesting some specific act, thought or focus of the grand jury.

Other courts, in the Ninth Circuit and elsewhere, have expressed the same reasoning, which the court should adopt here. In Daewoo, supra, the court reasoned that if a particular document is sought for its own intrinsic value, it does not necessarily constitute a matter occurring before the grand jury, for purpose of secrecy of grand jury proceedings. In United States v. Interstate Dress Carriers, Inc., 280 F.2d 52 (2d Cir. 1960), the court reasoned that data or testimony sought for its own sake is not a "matter occurring before the grand jury" since it is not the purpose of Rule 6 to foreclose from all future disclosure the same information or documents that were presented to a grand jury. In the case of In Re Grand Jury Proceedings, 505 F. Supp. 978 (D. Me. 1981) the court held that Department of Justice Civil Division attorneys were not precluded from using documents and investigatory reports presented to a grand jury because the purpose was not to determine what happened before the grand jury but to examine the documents for their own sake in the furtherance of a civil investigation.

In this case, Officer Boltz's investigation of the facts underlying this lawsuit exist as an entity apart from the grand jury proceedings in Defendant's criminal case. The deposition questions posed to Officer Boltz did not ask him to

describe the grand jury proceedings. To the contrary, Mr. Boehm's counsel specifically pointed out that he was <u>not</u> asking for information about what occurred before the grand jury. Mr. Boehm does not care whether the information sought from Officer Boltz in this civil case was revealed to or discussed with the grand jury. The examination very simply asked Officer Boltz about facts, conclusions and opinions that are plainly relevant in this case and the companion case pending in state superior court. This information will not reveal the secret inner workings of the grand jury and is being sought for its own "intrinsic value." In no respect would Officer Boltz run afoul of Rule 6 by answering such questions regarding the information and facts gathered during the course of his investigation.

## IV.   **CONCLUSION**

The ultimate purpose of Rule 6 is to protect the secrecy of proceedings before federal grand juries -- nothing more; nothing less. There does not appear to be any authority for the notion that information about events occurring outside the grand jury room becomes privileged simply because it is shared at some point in time with grand jurors. Such a rule would be illogical, and would ultimately inflict injustice against one side or the other in any civil suit related to events that had previously drawn the attention of federal prosecutors. Accordingly, Mr. Boehm respectfully requests that an order issue clarifying that the deposition of Officer Boltz shall resume at a date and time convenient for the parties and their counsel, and that Officer Boltz shall answer all questions put to him so long as they do not seek information as to events that occurred before the federal grand jury that issued the indictment in the past criminal case.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

E.A., ET AL. VS. BOEHM                                                              CASE NO. 3AN-05-11782 CI
MEMO IN SUPPORT OF MOTION TO COMPEL TESTIMONY OF OFFICER BOLTZ PAGE 11 OF 12
F:\506539\2\TKM3566.DOC

While Mr. Boehm is frustrated by what he perceives as an overly-broad interpretation of Rule 6, this should not be construed as an accusation of bad faith against the MOA or Officer Boltz. Mr. Boehm believes that the MOA, although misjudging the restrictions of Rule 6, is simply adopting a conservative tact out of an abundance of caution. For that reason, Mr. Boehm does not seek sanctions or an award of costs against the MOA.

DATED this 8th day of January, 2008.

BIRCH, HORTON, BITTNER AND CHEROT
Attorneys for Defendant

By: /s/ Max D. Garner
Timothy J. Petumenos, ABA #7611147
Max D. Garner, ABA #9011096
1127 W. Seventh Avenue
Anchorage, AK 99501
(907) 276-1550
Facsimile: (907) 276-3680
mgarner@bhb.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of January, 2008, a true and correct copy of the foregoing was served electronically on the following:

Mr. Verne E. Rupright
Law Offices of Rupright & Associates, LLC

Ms. Pamela S. Sullivan
Wade, Kelley & Sullivan

Ms. Mary O. Pate
Eide, Miller & Pate, P.C.

with a copy via facsimile and/or U.S. Mail, postage prepaid, on the following:

Ms. Joyce Johnson Weaver
Assistant Municipal Attorney
Municipality of Anchorage
Post Office Box 196650
Anchorage, AK 99519-6650

Mr. Daniel R. Cooper, Jr.
Assistant U.S. Attorney
Office of the U.S. Attorney
222 W. Seventh Avenue, #9, Room 253
Anchorage, AK 99513
FACSIMILE: (907) 271-2344

BIRCH, HORTON, BITTNER AND CHEROT

By: /s/ Martha K Marshall

E.A., ET AL. VS. BOEHM                                                   CASE NO. 3AN-05-11782 CI
MEMO IN SUPPORT OF MOTION TO COMPEL TESTIMONY OF OFFICER BOLTZ PAGE 12 OF 12
F:\506539\2\TKM3566.DOC